UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV -8  P 2: 44
U.S. DISTRICT COURT
NEW HAVEN, CT

DAVID WATERS

v.

MILLER and
JOHN BREEDLOVE

PRISONER
Case No. 3:03CV909(JBA)

### RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff David Waters ("Waters") is confined at the Garner Correctional Institution in Newtown, Connecticut. He brings this civil rights action pro se pursuant to 28 U.S.C. § 1915. Waters alleges that the defendants failed to properly investigate his claims that he was issued a false disciplinary report. He seeks damages from the defendants in their individual capacities. Defendants have filed a motion to dismiss. For the reasons that follow, defendants' motion is granted.

I.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of N.Y., 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000); Cooper v. Parsky, 140 F.3d

433, 440 (2d Cir. 1998).

II. Facts

For the purposes of deciding this motion, the court assumes that the following facts alleged in the complaint are true.

The incident giving rise to this action occurred while Waters was confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. In July 2002, Correctional Counselor Ray Massa issued Waters a false disciplinary report. Defendant Miller was assigned to investigate the report. Statements contained in his investigative report were incorrect. Walker was found guilty of the disciplinary charge and sanctioned with 15 days confinement in punitive segregation, 60 days loss of visits and 60 days loss of commissary privileges.

Waters filed an institutional grievance regarding defendant Miller's actions. Defendant Breedlove, the grievance coordinator, did not undertake an independent investigation of the matter.

III. Discussion

Defendants raise five grounds in support of their motion to dismiss: (1) Waters has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that may result in the deprivation of a protected liberty interest; (2) Waters has no constitutional right to an investigation; (3) Waters has

not alleged a deprivation with regard to prison conditions that would give rise to a due process violation; (4) the action is barred by qualified immunity; and (5) Waters fails to state a claim under the Prison Litigation Reform Act because he has not alleged a physical injury. Despite being afforded notice of his obligation to respond to the motion, Waters has filed no papers in opposition to the motion to dismiss.

### A.  False Accusation

Defendants first argue that Waters has no constitutionally protected right against being falsely accused, as long as he is afforded due process at the ensuing disciplinary hearing.

Defendants characterize Waters claim against defendant Miller as the issuance of a false disciplinary report. In his complaint, however, Waters states that Correctional Counselor Ray Massa, who is not a defendant in this action, issued the false disciplinary report. Defendant Miller was assigned to investigate the disciplinary charge. Waters alleges that defendant Miller falsely characterized the statements of staff witnesses as failing to support Waters' contention that he did not threaten Counselor Massa and, in the description of the nature of his case, refers to "false allegations" by defendant Miller. The court assumes that the false allegations and the alleged mischaracterization are the same.

3

False accusation, without more, is not cognizable in a section 1983 action. Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). Inmates do, however, have a constitutional right "not to be deprived of a protected liberty interest without due process of law." Id. An inmate's protection against false accusations lies in the procedural due process protections required in the hearing process by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). See Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). "[A]s long as the disciplinary hearing that follows a false misbehavior report complied with due process, the 'filing of unfounded charges [does] not give rise to a per se constitutional violation.'" Anderson v. Sullivan, 702 F. Supp. 424, 427 (S.D.N.Y. 1988) (quoting Freeman, 808 F.2d at 953). Thus, a false accusation, without more, does not violate an inmate's constitutional rights as long as the inmate has the opportunity to rebut the charge at a hearing. See Freeman, 808 F.2d at 951.

Waters does not allege that he was unable to argue at the disciplinary hearing that defendant Miller had misconstrued the witness statements and request that the hearing officer review

4

the statements himself. In addition, he does not allege any facts suggesting that he was denied due process at the disciplinary hearing. Thus, Waters fails to state a cognizable claim against defendant Miller. Defendants' motion to dismiss is granted on this ground as to the allegedly false interpretation of witness statements by defendant Miller.

B.   Right to an Investigation

Waters alleges that defendant Miller conducted an inadequate investigation into the disciplinary charge and that defendant Breedlove failed to independently investigate when reviewing his institutional grievance. Defendants argue only that Waters has no constitutional right to have defendant Breedlove investigate the subject of the grievance.

Inmates have no constitutional right to require prison officials to investigate institutional grievances. See Wesley v. Dombrowski, NO. Civ. A. 03-4137, 2004 WL 1465650, at *7 (E.D. Pa. June 28, 2004) (citing Davage v. United States, No. CIV. A. 97-1002, 1997 WL 180336, at *3 (E.D. Pa. Apr. 16, 1997)). Thus, Waters' allegation that defendant Breedlove failed to investigate his grievance fails to state a claim cognizable under section 1983. Defendants' motion to dismiss is granted as to the claim against defendant Breedlove.

To the extent that Waters is alleging that defendant

5

Breedlove's failure to investigate the institutional grievance or defendant Miller's failure to investigate properly the underlying disciplinary charge violated Department of Correction Administrative Directives, his claim is not cognizable in this action.

"A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." Levine v. Torvik, 986 F.2d 1506, 1515 (6th Cir. 1993)(citing Engle v. Isaac, 456 U.S. 107 (1982)), overruled in part on other grounds by Thompson v. Keohane, 516 U.S. 99, 111 (1995). This court agrees with the rationale of the Sixth Circuit and concludes that any claim that either defendant failed to follow the administrative directives regarding investigations does not demonstrate the denial of a constitutionally or federally protected right and, thus, is not cognizable in this civil rights action.

The statute regarding cases filed in forma pauperis requires the court to dismiss at any time a case that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, any claim that either defendant failed to follow applicable administrative directives is dismissed.

C.  Due Process Claim

Defendants argue that Waters cannot state a claim that defendant Miller's mischaracterization of the witness statements gave rise to a violation of his right to procedural due process.

To state a claim for violation of procedural due process, Waters first must show that he had a protected liberty interest and, if he had such an interest, that he was deprived of that interest without being afforded due process of law. See Tellier v. Fields, 230 F.3d 502, 511 (2d Cir. 2000) (citations omitted). In accordance with the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995), the Second Circuit applies a two-part test to determine whether an inmate possesses a protected liberty interest. See id. An inmate has a protected liberty interest "only if the deprivation . . . is atypical and significant and the state has created the liberty interest by statute or regulation." Id. (citations and internal quotation marks omitted).

The documents attached to the complaint indicate that Waters received disciplinary sanctions of 15 days confinement in punitive segregation, 60 days loss of visits and 60 days loss of commissary privileges. Inmates should reasonably anticipate confinement in segregation. See Russell v. Scully, 15 F.3d 219, 221 (2d Cir. 1993); see also Malchi v. Thaler, 211 F.3d 953, 958

7

(5th Cir. 2000) (holding that "30-day loss of commissary privileges and cell restriction do not implicate due process concerns"); Rosario v. Selsky, No. 94 Civ. 6872, 1995 WL 764178, at *3 (S.D.N.Y. Dec 28, 1995) (holding that 120 days confinement in special housing unit with loss of privileges was not punishment "qualitatively different" from punishment normally suffered by one in prison).

The Second Circuit has not adopted a bright line test to determine when confinement constitutes an atypical and significant hardship. However, "the decisions in the Second Circuit are unanimous that keeplock or [segregated housing unit] confinement of 30 days or less in New York prisons is not 'atypical or significant hardship' under Sandin." Williams v. Keane, No. 95 CIV. 0379 AJP JGK, 1997 WL 527677, at *6 (S.D.N.Y. Aug. 25, 1997) (citing cases). See also Fine v. Gallow, No. 3:97cv497(SRU), 2000 WL 565232, at *9 (D. Conn. Mar. 28, 2000) (granting defendants' motion for summary judgment on ground that two sanctions of five days confinement in punitive segregation and fifteen days confined to quarters, and seven days confinement in punitive segregation, fifteen days confined to quarters and thirty days loss of commissary privileges did not constitute an atypical and significant hardship); McNellis v. Meachum, Civ. No. 2:92cv936 (PCD) (D. Conn. Oct. 4, 1995) (holding that thirty-day

period of disciplinary segregation does not give rise to liberty interest under Sandin).

Waters has alleged no facts suggesting that the sanctions he received were qualitatively different from ordinary prison life and the time of his confinement in segregation was only fifteen days. Thus, as a matter of law, he fails to demonstrate that he suffered an atypical and significant hardship. Defendants' motion to dismiss is granted as to any due process claim.

IV. Conclusion

Defendants' Motion to Dismiss [**doc. #11**] is **GRANTED**. Any claim that either defendant failed to comply with applicable departmental directive regarding investigation is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this ____ day of November, 2004, at New Haven, Connecticut.

Janet Bond Arterton
United States District Judge

9